IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JAMES A. DELANIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil No. 3:22-cv-00469 |
| ) | Judge Eli J. Richardson |
| METROPOLITAN GOVERNMENT OF ) | Magistrate Judge Jeffery S. Frensley |
| NASHVILLE AND DAVIDSON ) | |
| COUNTY; ROBERT J. MENDES, ) | Jury Demand |
| individually and in his capacity as a ) | |
| member of the METRO COUNCIL; and ) | |
| BAKER, DONELSON, BEARMAN, ) | |
| CALDWELL & BERKOWITZ, PC, ) | |
| Defendants. ) | |

## MEMORANDUM IN SUPPORT OF MOTION TO DISMISS OF DEFENDANT BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, PC

Metropolitan Nashville & Davidson County ("Metro") and Robert J. Mendes, a Metro Councilmember (collectively, with Metro, the "Metro Defendants") have filed a Motion to Dismiss the Complaint filed by James DeLanis ("Plaintiff") in this case. Baker, Donelson, Bearman, Caldwell & Berkowitz, PC ("Baker Donelson") joins the Metro Defendants' Motion and adopts it, and the related briefing, as its own. The Metro Defendants' briefing accurately recounts the allegations in the Complaint, along with other matters the Court is permitted to consider at this stage of the litigation. For purposes of its Motion to Dismiss only, Baker Donelson accepts as true those factual allegations, pursuant to the governing legal standard. To be clear, though, many of the allegations in the Complaint are, in point of fact, entirely incorrect. Nothing in Baker Donelson's filings should be taken as an admission of any allegation in the Complaint.

As the Metro Defendants have explained more fully, the Complaint suffers from several defects that apply to all defendants, including:

- Plaintiff has failed to allege sufficient facts plausibly to show that any of his First Amendment rights have been violated;

- Plaintiff's threadbare and passing references to Due Process and Equal Protection violations fail to state a claim;

- Plaintiff cannot bring a claim for violation of Tenn. Code Ann. § 2-19-202 under either 28 U.S.C. § 1983 or under state law; and

- Plaintiff's conspiracy claims do not constitute a separate cause of action and fail because his underlying claims pursuant to § 1983, upon which they are based, fail.

Each of these grounds for dismissal applies equally to Baker Donelson as it does to the Metro Defendants.

In addition, the Metro Defendants have shown that Plaintiff's § 1983 claims against Councilmember Mendes must be dismissed because of the defense of qualified immunity. To the extent Baker Donelson could be considered a "state actor" against whom a § 1983 claim could be alleged, it is also entitled to qualified immunity. Baker Donelson is—and was "[d]uring all times relevant to the claims in this action"—outside counsel to Metro. (Compl., D.E. 1, ¶ 25.) The Sixth Circuit has specifically recognized that, when a city engages outside counsel, those "lawyers and their firm" are "eligible for qualified immunity" to the same extent as the attorneys directly employed by the city. *Cullinan v. Abramson*, 128 F.3d 301, 310 (6th Cir. 1997). In the court's words, "[w]e see no good reason to hold the city's in-house counsel eligible for qualified immunity and not the city's outside counsel." *Cullinan*, 128 F.3d at 310; *see also Filarsky v. Delia*, 566 U.S. 377, 393–94 (2012) (holding that outside counsel engaged by a city was entitled to qualified immunity even though "he was not a permanent, full-time employee of the City").

Plaintiff has not met his burden to plead facts with respect to Baker Donelson that "make out a violation of a constitutional right so clearly established in a particularized sense that ***a reasonable officer confronted with the same situation would have known*** that his conduct violated that right." *Johnson v. Moseley*, 790 F.3d 649, 653 (6th Cir. 2015) (emphasis added)

(citing *Ashcroft v. al-Kidd*, 563 U.S. 731, 741 (2011)). Looking, as required, to the "specific context of the case," *id.* (quoting *Brosseau v. Haugen*, 543 U.S. 194, 198 (2004)), Plaintiff alleges that he took actions in connection with his work on the Davidson County Election Commission (the "Commission") that were contrary to Metro's interests and that Baker Donelson, his employer and Metro's lawyers, terminated him as a result of those actions. (*See* Compl., D.E. 1, ¶¶ 25, 31–35, 39–40, 93.)[1]

Baker Donelson is not aware of any case holding that a law firm representing a government client cannot, consistent with the constitution, take employment action against an attorney that has engaged in activities adverse to and in conflict with the interests of that client. Plaintiff cannot show that Baker Donelson violated his "clearly established" rights, and his § 1983 claims against it must be dismissed on qualified-immunity grounds.

Plaintiff was and is still free to take whatever actions he wants and exercise the alleged rights, constitutional or otherwise, he believes he has, on the Commission or otherwise, once his conflict with Baker Donelson's client was removed. Further, he has exercised those alleged rights. Specifically, at all relevant times, Plaintiff actually voted on all matters he desired to vote, is still on the Commission today, and expressed his views publicly, regardless of ethical rules or any alleged actions by any defendants.

Accordingly, Baker Donelson has moved the Court to dismiss Plaintiff's claims against Baker Donelson under 28 U.S.C. § 1983 and Tenn. Code Ann. § 2-19-202 with prejudice.

---

[1] Notably, Plaintiff was an attorney practicing at Baker Donelson at the same time Metro was the firm's client. (*See* Compl., D.E. 1, ¶¶ 8, 25.) Plaintiff's actions thus inherently created conflicts for himself and Baker Donelson. *See, e.g.*, Tenn. S.Ct. R. 8, RPC 1.10, *cmt.* [2] (recognizing that a firm of lawyers is essentially one lawyer for purposes of the rules governing loyalty to its clients, and each lawyer is vicariously bound by the obligation of loyalty owed by each lawyer with whom the lawyer is associated).

*/s/ Robert E. Boston*
Robert E. Boston (Tenn. BPR # 009744)
Michael A. Cottone (Tenn. BPR # 033253)
WALLER LANSDEN DORTCH & DAVIS, LLP
511 Union Street, Suite 2700
Nashville, Tennessee 37219
(615) 244-6380
bob.boston@wallerlaw.com
michael.cottone@wallerlaw.com

*Attorneys for Defendant Baker, Donelson, Bearman, Caldwell & Berkowitz, PC*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on this the 22nd day of August, 2022, a true and correct copy of the foregoing document was electronically filed with the United States District Court for the Middle District of Tennessee using the Court's Electronic Case Filing (ECF) system, which will serve all parties below as indicated on the electronic filing notice to receive service in this manner.

John I. Harris , III
Schulman, LeRoy & Bennett
3310 West End Avenue
Suite 460
Nashville, TN 37203
615-244-6670
Fax: 615-254-5407
Email: jharris@slblawfirm.com


Allison Bussell - Associate Director of Law
Mallory S. Ricci - Senior Counsel
Metropolitan Department of Law
108 Metropolitan Courthouse
Nashville, Tennessee 37219-6300
615-862-6341
Email:  Allison.Bussell@nashville.gov
        Mallory.Ricci@nashville.gov

*/s/ Robert E. Boston*
Attorney for Defendant
